UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

| | | |
|---|---|---|
| ROBIN VAN ERT, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL COMPLAINT** |
| | ) | |
| v. | ) | Case No.: 16-cv-770 |
| | ) | |
| REBECCA M. BLANK, | ) | Judge: _____ |
| BARRY L. ALVAREZ, | ) | |
| WALTER J. DICKEY, | ) | |
| TERRY L. GAWLIK, | ) | |
| BRUCE E. VAN DE VELDE, | ) | |
| RAYMOND P. TAFFORA, | ) | |
| JOHN P. LUCAS, and | ) | |
| LISA M. HULL, | ) | |
| | ) | |
| Defendants. | ) | |

_____

NOW COMES Plaintiff Robin Van Ert, by her attorneys, Coyne, Schultz, Becker & Bauer, S.C., and hereby alleges and shows to the Court as follows:

## THE PARTIES

1. Plaintiff Robin Van Ert ("VAN ERT") was an adult resident of the State of Wisconsin. She was a licensed massage therapist. She was the owner and operator of Madison Oncology Massage in Wisconsin, where she provided therapeutic massage therapy services to cancer patients. As a result of the allegations set forth below, VAN ERT has closed her practice, relocated, and changed professions.

2. Defendant Rebecca M. Blank ("BLANK") is an adult resident of the State of Wisconsin. She is the Chancellor of the University of Wisconsin-Madison. Her business address is 161 Bascom Hall, 500 Lincoln Drive, Madison, WI 53706.

3.      Defendant Barry L. Alvarez ("ALVAREZ") is an adult resident of the State of Wisconsin. He is the Director of Athletics at the University of Wisconsin-Madison. His business address is Camp Randall Stadium, 1440 Monroe Street, Madison, WI 53711.

4.      Defendant Walter J. Dickey ("DICKEY") is an adult resident of the State of Wisconsin. He is the Deputy Athletic Director at the University of Wisconsin-Madison. His business address is Kellner Hall, 1440 Monroe Street, Madison, WI 53711.

5.      Defendant Terry L. Gawlik ("GAWLIK") is an adult resident of the State of Wisconsin. She is the Senior Associate Athletic Director for Sports Administration at the University of Wisconsin-Madison. Her business address is Admin Camp Randall Stadium, 1440 Monroe Street, Madison, Wi 53711.

6.      Defendant Bruce E. Van De Velde ("VAN DE VELDE") is an adult resident of the State of Wisconsin. He is the Senior Associate Athletic Director at the University of Wisconsin-Madison. His business address is Kellner Hall, 1440 Monroe Street, Madison, WI 53711.

7.      Defendant Raymond P. Taffora ("TAFFORA") is an adult resident of the State of Wisconsin. He is the Vice Chancellor for Legal Affairs at the University of Wisconsin-Madison. His business address is 360 Bascom Hall, 500 Lincoln Drive, Madison, Wi 53706.

8.      Defendant John P. Lucas ("LUCAS") is an adult resident of the State of Wisconsin. He is the Executive Director of Athletic Communications at the University of Wisconsin-Madison. His business address is 28 Bascom Hall, 500 Lincoln Drive, Madison, WI 53706.

9.    Defendant Lisa M. Hull ("HULL") is an adult resident of the State of Wisconsin. She is the Public Records Custodian at the University of Wisconsin-Madison. Her business address is 94 Bascom Hall, 500 Lincoln Drive, Madison, Wi 53706.

10.    "DEFENDANTS" refers to BLANK, ALVAREZ, DICKEY, GAWLIK, VAN DE VELDE, TAFFORA, LUCAS, and HULL collectively.

## JURISDICTION AND VENUE

11.    Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

12.    Venue in the United States District Court for the Western District of Wisconsin is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

13.    Between 2009 and 2014, VAN ERT had a private, consensual, romantic relationship with a former head coach of a University of Wisconsin varsity sport ("the COACH").

14.    The relationship was confidential, known to only a limited number of individuals and not known to the general public or media.

15.    Ms. Van Ert is 42-years-old. She is single, has never been married, and has no children.

16.    The COACH, at all times material hereto, was married and had been for many years.

17.    VAN ERT ended her relationship with the COACH in 2014 in part because of her belief that the COACH was manipulative, deceptive, and abusive toward VAN ERT and other women. In VAN ERT's opinion, the COACH was unfit to coach and

mentor young student athletes and conducted himself in a manner contrary to the best interests of student athletes and the University of Wisconsin.

## A. The "Investigation"

18. On February 11, 2015, VAN ERT reported the relationship and the COACH's inappropriate behavior to BLANK, DICKEY, GAWLIK, and VAN DE VELDE via e-mail. The e-mail contained private and confidential information about VAN ERT. The e-mail asked BLANK, DICKEY, GAWLIK, and VAN DE VELDE to investigate and take appropriate action to prevent the COACH and others in similar positions at the University of Wisconsin from engaging in conduct while working for and representing the University of Wisconsin that may interfere with job performance, be abusive towards women, have a negative impact on student athletes, as well as violate University of Wisconsin and/or National Collegiate Athletic Association ("NCAA") rules, or violate a "morality clause" contained in the COACH'S contract with the University of Wisconsin.

19. DEFENDANTS had prior knowledge of the relationship because the COACH had self-reported the relationship to one or more of the DEFENDANTS before they received VAN ERT'S February 11, 2015 e-mail.

20. Pursuant to Wis. Admin. Code §§ UWS 7.01 and 11.02, DEFENDANTS had a ministerial duty to initiate an appropriate investigation of the COACH within a reasonable time after receiving VAN ERT'S complaint in order to address and resolve promptly the complaint.

21. Pursuant to Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01, DEFENDANTS had a ministerial duty to establish and enforce proper rules, policies, and procedures governing the investigation of allegations by members of the

public (such as VAN ERT) that a University of Wisconsin faculty or academic staff member (such as the COACH) violated University rules or policies, or conducted himself in such a way that adversely affected the faculty or academic staff member's performance of his obligation to the University.

22.   Pursuant to Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01, DEFENDANTS had a ministerial duty to conduct an adequate investigation of the COACH, including the use of fair and complete hearing procedures, the preparation of a written statement of findings, a transmittal of their findings to all appropriate administrative officials within a reasonable period of time, and prohibition of further jeopardy for the same alleged misconduct after a final decision.

23.   A so-called "investigation" was performed by DEFENDANTS and others under their supervision, which included an interview with Ms. Van Ert on April 24, 2015. During the interview, VAN ERT repeated the concerns expressed in her February 11, 2015 e-mail emphasizing that a review of the COACH'S cell phone records would confirm many of the factual allegations made by VAN ERT.

24.   Rather than investigate whether the COACH acted inappropriately in a manner that was detrimental to student athletes or in violation of any University of Wisconsin or NCCA rules, codes of conduct, or in violation of any contractual obligations, DEFENDANTS investigated only whether the COACH misused university resources (an issue never raised by VAN ERT or disputed by her). The "investigation" was not thorough or conducted in good faith. The "investigation" did not address the concerns raised by VAN ERT in her February 11, 2015 e-mail or her April 24, 2015 interview.

25.    On May 13, 2015, DICKEY and TAFORRA sent a letter to VAN ERT informing her that they had concluded their "investigation," determining that the COACH "did not misuse any university resources" and that VAN ERT's complaint had no merit, despite DEFENDANTS' knowledge of the relationship.

### B. Open Records Violations

26.    On December 22, 2015, VAN ERT, through her attorneys, sent a letter to DICKEY advising him and the other DEFENDANTS that her February 11, 2015 e-mail was confidential, that it should not be released to the public, and requested that DEFENDANTS contact her attorneys before releasing the e-mail and/or disclosing its contents to the public. DICKEY acknowledged receipt of the December 22, 2015 letter and indicated that he would share it with TAFFORA. At no time did DICKEY or TAFFORA indicate that they would not honor VAN ERT's legal right to confidentiality and notice.

27.    VAN ERT's February 11, 2015 e-mail contained personally identifiable information about her that was not subject to public disclosure under Wisconsin's Open Records Laws (Wis. Stat. § 19.21, *et seq.*).

28.    VAN ERT's identity and e-mail were not subject to public disclosure because an important public policy interest in protecting VAN ERT's privacy, reputation, safety, and well-being outweighed the public interest in access to the information. *See Local 2489, AFSCME v. Rock County*, 2004 WI App 210, ¶ 22, 277 Wis. 2d 208, 689 N.W.2d 644 ("We acknowledge that a public interest may be found in protecting the reputations of citizens"); *Armada Broadcasting, Inc. v. Stirn*, 183 Wis. 2d 463, 475, 516 N.W.2d 357 (1994) ("Protection of a citizen's good name is a proper concern of the

state."); *Milwaukee Teachers' Education Association v. Milwaukee Board of School Directors*, 227 Wis. 2d 779, 786, 596 N.W.2d 403 (1999) ("there is an important public policy interest in the protection of an individual public employee's privacy and reputation"); *Woznicki v. Erickson*, 202 Wis. 2d 178, 187, 549 N.W.2d 699 (1996) ("Our case law has consistently recognized a public policy interest in protecting the personal privacy and reputations of citizens"); *State ex rel. Bergmann v. Faust*, 226 Wis. 2d 273, 283-84, 595 N.W.2d 75, 80 (Ct. App. 1999) ("We have previously recognized that protecting the safety of individuals may, under certain circumstances, outweigh the public interest in access to records.").

29.    Pursuant to Wis. Stat. § 19.356(2)(a), DEFENDANTS had a ministerial duty which prohibited them from releasing VAN ERT's February 11, 2015 e-mail or its contents to the public without providing her 12-days' written notice (via certified mail or process server) of a decision to release the e-mail, so that she may seek a court order restraining DEFENDANTS from releasing the e-mail or disclosing its contents to the public.

30.    Pursuant to Wis. Stat. § 19.36(6), DEFENDANTS had a ministerial duty which prohibited them from releasing VAN ERT's February 11, 2015 e-mail to the public without redacting all personally identifiable information about her.

31.    On March 4, 2016, DICKEY contacted VAN ERT directly by telephone and informed her that her February 11, 2015 e-mail was going to be released to the public in response to an open records request. DICKEY did not contact VAN ERT's attorneys as requested.

32.    DEFENDANTS did not give VAN ERT the mandatory 12-days' written notice (via certified mail or process server) of their decision to release the February 11, 2015 e-mail to the public, as required by Wis. Stat. § 19.356(2)(a).

33.    DEFENDANTS did not give VAN ERT an opportunity seek a court order restraining them from releasing the e-mail or disclosing its contents to the public, as required by Wis. Stat. § 19.356.

34.    DEFENDANTS did not perform a proper evaluation and/or apply the proper balancing test to determine whether, or to what extent, VAN ERT's e-mail and identity were subject to public disclosure under the Wisconsin Open Records Laws. *See John K. Maciver Inst. For Pub. Policy, Inc. v. Erpenbach*, 2014 WI App 49, ¶ 13, 354 Wis. 2d 61, 848 N.W.2d 862 ("When addressing an open records request, a records custodian <u>must</u> make the initial decisions on whether a requested item is a 'record' and whether any statutory or common law exceptions to disclosure apply. If the custodian determines that the item is a record and no exceptions apply, the custodian <u>must</u> then conduct a balancing test to weigh the competing interests involved and determine whether permitting inspection would result in harm to the public interest which outweighs the legislative policy recognizing the public interest in allowing inspection.") (Emphasis added).

35.    Within approximately one hour of informing VAN ERT that they would be releasing the e-mail, DEFENDANTS released the e-mail to the media on March 4, 2016 with only VAN ERT's name and e-mail address redacted.

36.    By redacting VAN ERT's name and e-mail address from the e-mail prior to disclosure, DEFENDANTS represented and acknowledged that VAN ERT's identity was

not subject to disclosure under the Wisconsin Open Records Laws. *See* Wis. Stat. § 19.36(6).

37.    Later on March 4, 2016 or March 5, 2016, LUCAS disclosed VAN ERT's identity to a reporter for the Wisconsin State Journal.

38.    VAN ERT's e-mail and identity were published online at www.Madison.com and in the Wisconsin State Journal on March 4, 2016 or March 5, 2016.

39.    Since VAN ERT's e-mail and identity were released to the public, VAN ERT has been the subject of threats, harassment, and ridicule in both her personal and professional life. As a result, VAN ERT has closed her practice, relocated, and changed professions.

40.    As a direct and proximate result of DEFENDANTS' actions, VAN ERT has suffered severe emotional and physical distress and illness, loss of privacy, harm to her reputation, loss of business, and has incurred substantial damages and legal fees.

41.    DEFENDANTS' actions were unreasonable, intentional, reckless, malicious, willful, arbitrary, capricious, and/or highly offensive to a reasonable person.

42.    DEFENDANTS acted with deliberate indifference and/or with reckless disregard for VAN ERT's rights.

43.    At all times, DEFENDANTS were acting under the color of state law.

44.    DEFENDANTS are not entitled to immunity (statutory, sovereign, governmental, public officer, qualified, or otherwise) from any of the claims set forth below.

45.    VAN ERT served a proper written notice of claims upon the attorney general pursuant to Wis. Stat. § 893.82 with regard to all DEFENDANTS and the claims set forth below.

**FIRST CAUSE OF ACTION:**
**DEPRIVATION OF DUE PROCESS RIGHTS**

46.    VAN ERT hereby realleges and incorporates paragraphs 1-45 above as though fully set forth herein.

47.    VAN ERT has due process rights protected by the Fourteenth Amendment to the United States Constitution.

48.    VAN ERT's due process rights include a life, liberty, and property interest in her reputation and good name. *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).

49.    VAN ERT's due process rights also include a life, liberty, and property interest in her privacy. *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977) (the constitutionally-protected right to privacy extends to two types of privacy interests: "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions."); *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) (the constitutional right to privacy includes "the right not to have an individual's private affairs made public by the government").

50.    DEFENDANTS deprived VAN ERT of her due process rights by performing a sham investigation of her complaint as follows:

a.   failing to initiate an appropriate investigation of the COACH within a reasonable time after receiving VAN ERT'S complaint in order to address and resolve promptly the complaint, in violation of Wis. Admin. Code §§ UWS 7.01 and 11.02;

b.   failing to establish and enforce proper rules, policies, and procedures governing the investigation of allegations by members of the public (such as VAN ERT) that a University of Wisconsin faculty or academic staff member (such as the COACH) violated university rules or policies, or conducted himself in such a way that adversely affected the faculty or academic staff member's performance of his obligation to the university, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01; and

c.   failing to conduct an adequate investigation of the COACH, including the use of fair and complete hearing procedures, the preparation of a written statement of findings, a transmittal of their findings to all appropriate administrative officials within a reasonable period of time, and prohibition of further jeopardy for the same alleged misconduct after a final decision, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01.

51.   DEFENDANTS deprived VAN ERT of her due process rights by committing the following Open Records violations:

a.   releasing VAN ERT's e-mail to the public on March 4, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law;

b.   disclosing VAN ERT's identity to the public on March 4 or 5, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law;

c.    failing to perform a mandatory evaluation and/or apply the proper balancing test to determine whether, or to what extent, VAN ERT's e-mail was subject to disclosure under the Wisconsin Open Records Laws, in violation of Wisconsin common law;

d.    failing to give VAN ERT proper written notice of DEFENDANTS' decision to release her e-mail and/or disclose her identity to the public, in violation of Wis. Stat. § 19.356(2)(a); and

e.    failing to give VAN ERT an opportunity to seek a court order restraining DEFENDANTS from releasing her e-mail and/or disclosing her identity to the public, in violation of  Wis. Stat. §§ 19.356.

52.    As a direct and proximate result of DEFENDANTS depriving VAN ERT of her due process rights, VAN ERT suffered injuries and DEFENDANTS are liable to VAN ERT under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for substantial compensatory damages, punitive damages, and actual reasonable attorney fees.

## SECOND CAUSE OF ACTION:
## UNLAWFUL RETALIATION UNDER THE FIRST AMENDMENT

53.    VAN ERT hereby realleges and incorporates paragraphs 1-45 above as though fully set forth herein.

54.    The First Amendment to the United States Constitution prohibits government officials from subjecting an individual to retaliatory actions for speaking out. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

55.    VAN ERT engaged in activity protected by the First Amendment when she sent the February 11, 2015 e-mail and gave an interview to DEFENDANTS on April 24, 2015.

56. DEFENDANTS retaliated against VAN ERT for engaging in constitutionally protected speech by performing a sham investigation of her complaint as follows:

a. failing to initiate an appropriate investigation of the COACH within a reasonable time after receiving VAN ERT'S complaint in order to address and resolve promptly the complaint, in violation of Wis. Admin. Code §§ UWS 7.01 and 11.02;

b. failing to establish and enforce proper rules, policies, and procedures governing the investigation of allegations by members of the public (such as VAN ERT) that a University of Wisconsin faculty or academic staff member (such as the COACH) violated university rules or policies, or conducted himself in such a way that adversely affected the faculty or academic staff member's performance of his obligation to the university, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01; and

c. failing to conduct an adequate investigation of the COACH, including the use of fair and complete hearing procedures, the preparation of a written statement of findings, a transmittal of their findings to all appropriate administrative officials within a reasonable period of time, and prohibition of further jeopardy for the same alleged misconduct after a final decision, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01.

57. DEFENDANTS retaliated against VAN ERT for engaging in constitutionally protected speech by committing the following Open Records violations:

a. releasing VAN ERT's e-mail to the public on March 4, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law;

b.      disclosing VAN ERT's identity to the public on March 4 or 5, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law;

c.      failing to perform a mandatory evaluation and/or apply the proper balancing test to determine whether, or to what extent, VAN ERT's e-mail was subject to disclosure under the Wisconsin Open Records Laws, in violation of Wisconsin common law;

d.      failing to give VAN ERT proper written notice of DEFENDANTS' decision to release her e-mail and/or disclose her identity to the public, in violation of Wis. Stat. § 19.356(2)(a); and

e.      failing to give VAN ERT an opportunity to seek a court order restraining DEFENDANTS from releasing her e-mail and/or disclosing her identity to the public, in violation of  Wis. Stat. §§ 19.356.

58.    VAN ERT's constitutionally protected speech was a substantial and/or motivating factor in DEFENDANTS' retaliation.

59.    VAN ERT suffered a deprivation that would likely deter First Amendment activity.

60.    As a direct and proximate result of their unlawful retaliation, VAN ERT suffered injuries and DEFENDANTS are liable to VAN ERT under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for substantial compensatory damages, punitive damages, and actual reasonable attorney fees.

### THIRD CAUSE OF ACTION:
### DENIAL OF EQUAL PROTECTION

61.    VAN ERT hereby realleges and incorporates paragraphs 1-45 above as though fully set forth herein.

62.    VAN ERT is entitled to equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution.

63.    VAN ERT is a member of a "class-of-one." S*ee Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012).

64.    Alternatively or in addition, VAN ERT is a member of a class of private citizens who have reported employee misconduct to the University of Wisconsin ("the class")

65.    DEFENDANTS intentionally discriminated against VAN ERT by performing a sham investigation of her complaint as follows:

a.    failing to initiate an appropriate investigation of the COACH within a reasonable time after receiving VAN ERT'S complaint in order to address and resolve promptly the complaint, in violation of Wis. Admin. Code §§ UWS 7.01 and 11.02;

b.    failing to establish and enforce proper rules, policies, and procedures governing the investigation of allegations by members of the public (such as VAN ERT) that a University of Wisconsin faculty or academic staff member (such as the COACH) violated university rules or policies, or conducted himself in such a way that adversely affected the faculty or academic staff member's performance of his obligation to the university, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01; and

c.    failing to conduct an adequate investigation of the COACH, including the use of fair and complete hearing procedures, the preparation of a written statement of findings, a transmittal of their findings to all appropriate administrative officials within a reasonable period of time, and prohibition of further jeopardy for the

same alleged misconduct after a final decision, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01.

66.    DEFENDANTS intentionally discriminated against VAN ERT by committing the following Open Records violations:

a.    releasing VAN ERT's e-mail to the public on March 4, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law;

b.    disclosing VAN ERT's identity to the public on March 4 or 5, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law;

c.    failing to perform a mandatory evaluation and/or apply the proper balancing test to determine whether, or to what extent, VAN ERT's e-mail was subject to disclosure under the Wisconsin Open Records Laws, in violation of Wisconsin common law;

d.    failing to give VAN ERT proper written notice of DEFENDANTS' decision to release her e-mail and/or disclose her identity to the public, in violation of Wis. Stat. § 19.356(2)(a); and

e.    failing to give VAN ERT an opportunity to seek a court order restraining DEFENDANTS from releasing her e-mail and/or disclosing her identity to the public, in violation of Wis. Stat. §§ 19.356.

67.    Alternatively or in addition, DEFENDANTS intentionally discriminated against the class by performing sham investigations of complaints as follows:

a.    failing to initiate appropriate investigations of complaints made by members of the class within a reasonable time after receiving the complaints in order to

address and resolve promptly the complaints, in violation of Wis. Admin. Code §§ UWS 7.01 and 11.02;

b.      failing to establish and enforce proper rules, policies, and procedures governing the investigation of complaints made by members of the class, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01; and

c.      failing to conduct adequate investigations of allegations made by members of the class, including the use of fair and complete hearing procedures, the preparation of a written statement of findings, a transmittal of their findings to all appropriate administrative officials within a reasonable period of time, and prohibition of further jeopardy for the same alleged misconduct after a final decision, in violation of Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01.

68.    Alternatively or in addition, DEFENDANTS intentionally discriminated against the class by committing the following Open Records violations:

a.      releasing the identities and personally identifiable information about members of the class to the public, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law;

b.      failing to perform a mandatory evaluation and/or apply the proper balancing test to determine whether, or to what extent, the identities and personally identifiable information of members of the class were subject to disclosure under the Wisconsin Open Records Laws, in violation of Wisconsin common law;

c.      failing to give members of the class proper written notice of decisions to release their identities and personally identifiable information to the public, in violation of  Wis. Stat. § 19.356(2)(a); and

d.    failing to give members of the class an opportunity to seek a court order restraining DEFENDANTS from releasing their identities and personally identifiable information to the public, in violation of Wis. Stat. §§ 19.356.

69.    DEFENDANTS lacked a rational basis for discrimination against VAN ERT and/or the class.

70.    DEFENDANTS knew or should have known that they lacked a rational basis for discrimination against VAN ERT and/or the class.

71.    DEFENDANTS acted for personal reasons with discriminatory intent, motive, and effect.

72.    As a direct and proximate result of their intentional and irrational discrimination, VAN ERT suffered injuries and DEFENDANTS are liable to VAN ERT under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for substantial compensatory damages, punitive damages, and actual reasonable attorney fees.

## FOURTH CAUSE OF ACTION:
## INVASION OF PRIVACY

73.    VAN ERT hereby realleges and incorporates paragraphs 1-45 above as though fully set forth herein.

74.    VAN ERT has a right of privacy recognized by Wis. Stat. § 895.50.

75.    DEFENDANTS invaded VAN ERT's privacy when they released her e-mail to the public on March 4, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law.

76.    DEFENDANTS invaded VAN ERT's privacy when they disclosed her identity to the public on March 4 or 5, 2016, in violation of Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law.

77.     Prior to DEFENDANTS releasing the e-mail and disclosing VAN ERT's identity to the public, information about VAN ERT and her relationship with the COACH was not available to the public as a matter of public record.

78.     DEFENDANTS acted unreasonably or recklessly as to whether there was a legitimate public interest involved, or with actual knowledge that none existed.

79.     As a direct and proximate result of their actions, VAN ERT suffered injuries and DEFENDANTS are liable to VAN ERT under Wis. Stat. § 895.50 for substantial compensatory damages and actual, reasonable attorney fees.

**FIFTH CAUSE OF ACTION:
NEGLIGENCE**

80.     VAN ERT hereby realleges and incorporates paragraphs 1-45 above as though fully set forth herein.

81.     DEFENDANTS had the following ministerial duties to fully investigate VAN ERT's complaint:

a.     Pursuant to Wis. Admin. Code §§ UWS 7.01 and 11.02, DEFENDANTS had a ministerial duty to initiate an appropriate investigation of the COACH within a reasonable time after receiving VAN ERT'S complaint in order to address and resolve promptly the complaint;

b.     Pursuant to Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01, DEFENDANTS had a ministerial duty to establish and enforce proper rules, policies, and procedures governing the investigation of allegations by members of the public (such as VAN ERT) that a University of Wisconsin faculty or academic staff member (such as the COACH) violated university rules or policies, or conducted

himself in such a way that adversely affected the faculty or academic staff member's performance of his obligation to the university; and

c.    Pursuant to Wis. Stat. § 36.09(4) and Wis. Admin. Code §§ UWS 6.01 and 13.01, DEFENDANTS had a ministerial duty to conduct an adequate investigation of the COACH, including the use of fair and complete hearing procedures, the preparation of a written statement of findings, a transmittal of their findings to all appropriate administrative officials within a reasonable period of time, and prohibition of further jeopardy for the same alleged misconduct after a final decision.

82.    DEFENDANTS had the following ministerial duties under the Open Records Law:

a.    Pursuant to Wis. Stat. § 19.356 and 19.36(6), DEFENDANTS had a ministerial duty which prohibited them from releasing VAN ERT's February 11, 2015 e-mail to the public without redacting all personally identifiable information about her;

b.    Pursuant to Wis. Stat. §§ 19.356 and 19.36(6), and Wisconsin common law, DEFENDANTS had a ministerial duty which prohibited them from disclosing VAN ERT's identity to the public on March 4 or 5, 2016;

c.    Pursuant to Wisconsin common law, DEFENDANTS had a ministerial duty to perform a mandatory evaluation and apply the proper balancing test to determine whether, or to what extent, VAN ERT's e-mail was subject to disclosure under the Wisconsin Open Records Laws; and

d.    Pursuant to Wis. Stat. § 19.356, DEFENDANTS had a ministerial duty which prohibited them from releasing VAN ERT's February 11, 2015 e-mail or its contents to the public without providing her 12-days' written notice (via certified mail or

process server) of a decision to release the e-mail, so that she may seek a court order restraining DEFENDANTS from releasing the e-mail or disclosing its contents to the public.

83.   DEFENDANTS breached their ministerial duties.

84.   As a direct and proximate result of said breaches, VAN ERT suffered injuries and DEFENDANTS are liable to VAN ERT for substantial compensatory damages.

## SIXTH CAUSE OF ACTION:
## DEFAMATION

85.   VAN ERT hereby realleges and incorporates paragraphs 1-45 above as though fully set forth herein.

86.   DEFENDANTS made statements to the media that they had investigated VAN ERT's allegations, that the investigation was thorough and conducted in good faith, and that the investigation revealed that VAN ERT's allegations were without merit.

87.   The statements were communicated to the media by speech, conduct, or in writing.

88.   The statements were false.

89.   The statements were unprivileged.

90.   The statements were made with implied, actual and/or express malice.

91.   The statements harmed VAN ERT's reputation, lowered her in the estimation of the community, and/or deterred others from associating or dealing with her.

92.    As a direct and proximate result of DEFENDANTS' defamation, VAN ERT suffered injuries and DEFENDANTS are liable to VAN ERT for substantial compensatory damages.

**SEVENTH CAUSE OF ACTION:**
**CONSPIRACY**

93.    VAN ERT hereby realleges and incorporates paragraphs 1-92 above as though fully set forth herein.

94.    DEFENDANTS conspired together to:

a.    deprive VAN ERT of her due process rights;

b.    unlawfully retaliate against VAN ERT for exercising her First Amendment rights;

c.    deny VAN ERT equal protection of the laws;

d.    invade VAN ERT's privacy;

e.    breach their ministerial duties; and

f.    defame VAN ERT.

95.    As a direct and proximate result of said conspiracy, VAN ERT suffered injuries and DEFENDANTS are liable to VAN ERT for substantial compensatory damages, punitive damages, and actual, reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robin Van Ert demands judgment against Defendants Rebecca M. Blank, Barry L. Alvarez, Walter J. Dickey, Terry L. Gawlik, Bruce E. Van De Velde, Raymond P. Taffora, John P. Lucas, and Lisa M. Hull in accordance with the allegations of this Complaint, including:

a.  An award of compensatory damages in an amount to be determined;

b.  An award of punitive damages in an amount to be determined;

c.  An award of actual, reasonable attorney fees;

d.  An award of costs and disbursements as provided by statute; and

e.  For such further relief as the Court may deem just and equitable.

### JURY DEMAND

Plaintiff hereby requests a jury trial on all issues raised in this Complaint.

Dated this 23rd day of November, 2016.

COYNE, SCHULTZ, BECKER & BAUER, S C.
Attorneys for Plaintiff Robin Van Ert

/s/ Bruce A. Schultz

_____

Bruce A. Schultz, SBN 1016100
bschultz@cnsbb.com
150 E. Gilman St., Ste 1000
Madison, WI 53703
Tel.: (608) 255-1388
Fax: (608) 255-8592